UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HENRI V. BOTTER,<br>Plaintiff,<br><br>vs.<br><br>TUESDAY MORNING,<br>Defendants. | Case No. 1:18-cv-00847<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff Henry V. Botter filed a pro se complaint against defendant Tuesday Morning under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") on December 3, 2018. (Doc. 1). A redacted complaint was filed on December 11, 2018. (Doc. 3). On January 17, 2019, defendant filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to properly exhaust administrative remedies. (Doc. 6). Plaintiff has not responded to the motion to dismiss to date.

Plaintiff complains of "unfair treatment in [a] hostile environment" and verbal accusations during his employment with defendant Tuesday Morning.[1] (Doc. 3). As relief, plaintiff asks that the Court allow him to "continue to work for Tuesday Morning," and he seeks restitution for lost wages and stress. (*Id.*). Plaintiff has attached to the complaint his W2 statements for 2016 and 2017; his pay statement dated June 6, 2018; and Counseling Statement/Corrective Action Forms dated November 29, 2017 and June 11, 2018. (*Id.*). Plaintiff has also attached a charge he filed with the Equal Employment Opportunity Commission (EEOC) on September 25, 2018, alleging: (1) discrimination on the basis of his race (Caucasian), religion (Protestant), age (85), and national origin (Dutch); and (2) retaliation for filing two prior EEOC charges in 2015 and 2016. (*Id.* at 11).

---

[1] It is not clear from the complaint whether plaintiff is still employed by Tuesday Morning.

Defendant moves to dismiss the complaint based on plaintiff's failure to properly exhaust his administrative remedies. (Doc. 6). Defendant asserts that plaintiff has filed three charges with the EEOC and/or the Ohio Civil Rights Commission (OCRC), two of which defendant has attached to its motion. (*Id.* at 3; Exhs. A, C). Plaintiff filed his first charge with the OCRC on October 5, 2015, alleging age discrimination. (*Id.* at 3; Exh. A). The charge was dual filed with the EEOC.[2] (*Id.*, Exh. A). The OCRC issued a Letter of Determination dismissing plaintiff's charge with a finding of "no probable cause" on February 4, 2016. (*Id.*; Exh. B). Plaintiff filed a second charge of age discrimination with the OCRC on November 9, 2016, which was also dual filed with the EEOC. (*Id.* at 3, Exh. C). The OCRC dismissed the second charge by a Letter of Determination on August 17, 2017, finding "no probable cause." (*Id.* at 3; Exh. D). Plaintiff filed a third charge with the EEOC on September 25, 2018, which is the charge attached to the complaint. (*Id.* at 3; Doc. 3 at 11). Defendant asserts that it first received notice of the third charge when plaintiff filed this lawsuit. (Doc. 6 at 3). Defendant states it is not aware that the EEOC has issued a right-to-sue letter on the third charge.[3] (*Id.*). Defendant argues that because plaintiff did not timely file suit on the first two charges, and absent "evidence" the EEOC has provided a notice of right-to-sue to plaintiff on the third charge, his complaint should be dismissed. (*Id.* at 6-7).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Total*

---

[2] When a charge is "dual filed," the OCRC "automatically forwards a copy of the charge to the EEOC which, in turn, opens up a file and gives the charge an EEOC number"; however, "the EEOC allows the OCRC to conduct the investigation." *Ross v. ITT Cleveland Mot. Control*, No. 1:09cv 2220, 2010 WL 779999, at *3 (N.D. Ohio Mar. 2, 2010). If dual filed, the EEOC charge and OCRC charge are identical. *Id.*

[3] Defendant explains that it tried to obtain more information on the charge, but the EEOC was closed due to the partial government "shutdown" at the time defendant filed the motion to dismiss. (Doc. 6 at 3, n. 1).

*Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The complaint must also present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A pro se complaint should be liberally construed, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and be held to less stringent standards than formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When deciding a motion to dismiss, the Court can consider "the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). EEOC charges and related documents, including right-to-sue notices, are public records that the court may take judicial notice of when ruling on a motion to dismiss without having to convert the motion into one for summary judgment. *Kovac v. Super. Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013) (citing *Williams v. Steak 'N Shake*, No. 5:11cv833, 2011 WL 3627165, at *3 (N.D. Ohio Aug. 17, 2011)). OCRC records are also public records of which the court can take judicial notice. *Id.* (citing *Bass v. Wendys of Downtown, Inc.*, No. 11-cv-940, 2012 WL 1552264, at *2, n. 1 (N.D. Ohio May 1, 2012); *Felix v. Dow Chem. Co.*, No. 2:07-cv-971, 2008 WL 207857, at *2, n. 1 (S.D. Ohio Jan. 23, 2008)).

3

Exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)). An individual may not file a discrimination suit under Title VII without first filing an administrative charge with the EEOC or the appropriate state or local agency. *See Williams v. NW. Airlines, Inc.*, 53 F. App'x 350, 351-52 (6th Cir. 2002) (citation omitted). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *Id.* at 352 (citing 42 U.S.C. § 2000e-5(f)(1)). A Letter of Determination from the OCRC is not a substitute for an EEOC notice of right-to-sue. *Reddy v. JPMorgan Chase Bank*, No. 2:09-cv-1152, 2011 WL 1641261 at *3 (S.D. Ohio May 2, 2011). However, when an EEOC notice of right-to-sue on a dual-filed charge is not part of the record, it can reasonably be assumed that the EEOC adopted the findings of the OCRC and issued a notice of right-to-sue within a few months of the OCRC's determination. *See Id.* (finding the plaintiff's lawsuit was not timely where an EEOC notice of right-to-sue on the charge was not part of the record, and "reasonably assuming" the EEOC adopted the finding of the OCRC and issued a notice of right-to-sue within a few months of the OCRC's decision).

If the plaintiff files suit before he receives the right-to-sue letter, the district court must dismiss "the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 820, n. 10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). A Title VII action that is filed beyond the 90-day period may be dismissed for failure to timely exhaust administrative remedies. *See Williams*, 53 F. App'x at 351 (citation omitted). The 90-day time limit is subject to waiver, estoppel and equitable tolling. *Id.* (citing *Zipes v. TWA*, 455 U.S. 385, 392-98 (1982).

4

The plaintiff must allege facts showing he was diligent in pursuing his claim to prevail on these defenses. *Id.* (citing *Morgan v. Washington Mfg. Co.,* 660 F.2d 710, 712 (6th Cir. 1981)).

Here, the allegations of the complaint, construed together with the attachments to the complaint, do not permit a finding that plaintiff timely exhausted his administrative remedies on the first two discrimination charges he filed.[4] Plaintiff received a Letter of Determination from the OCRC for the first two charges in February 2016 and August 2017. (Doc. 6, Exhs. B, D). Plaintiff has not alleged that he received a notice of right-to-sue from the EEOC on either charge, and he has not attached a notice of right-to-sue for those charges to the complaint. Nor has plaintiff refuted defendant's allegations in the motion to dismiss related to the first two charges. It is therefore reasonable to assume that the EEOC adopted the OCRC's findings and issued a notice of right-to-sue on each charge within a few months of the OCRC's decision. *See Reddy*, 2011 WL 1641261 at *3. If so, plaintiff's complaint was filed well past the 90-day time limit. Because there are no allegations or documents that indicate otherwise, the only permissible conclusion to be drawn from the record is that plaintiff failed to timely exhaust his administrative remedies for his first two discrimination charges.

Further, the complaint and attachments contain no indication that plaintiff properly exhausted his administrative remedies for the September 25, 2018 discrimination charge before filing this lawsuit. Plaintiff filed the complaint less than three months after he filed his third charge with the EEOC. Plaintiff does not allege in the complaint that he received a notice of right-to-sue on the September 2018 charge from the EEOC, and he did not attach a notice of

---

[4] Defendant argues that plaintiff's complaint should be dismissed under Rule 12(b)(6) "[a]bsent evidence" that he has received a right-to-sue letter from the EEOC. (Doc. 6 at 7). Plaintiff is not obligated to present evidence in connection with defendant's Rule 12(b)(6) motion; it is sufficient if plaintiff alleges facts which, if accepted as true, show he fulfilled Title VII exhaustion requirements. *See Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014).

5

right-to-sue to the complaint. Moreover, plaintiff has not responded to defendant's allegation that as of the date the motion to dismiss was filed, defendant was not aware that a right-to-sue letter had been issued on the 2018 charge.

Read together, plaintiff's complaint and the administrative filings of record do not permit a reasonable inference that plaintiff properly exhausted his administrative remedies on any of the three discrimination charges he filed with the OCRC and/or EEOC. Plaintiff has not proffered any reason for his apparent failure to diligently pursue a discrimination and retaliation charge and to exhaust his administrative remedies before filing suit in this Court. Plaintiff's complaint should be dismissed for failure to fulfill the condition precedent of exhaustion of his administrative remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (Doc. 6) be **GRANTED**.

Date: 6/11/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HENRI V. BOTTER,<br>Plaintiff,<br><br>vs.<br><br>TUESDAY MORNING,<br>Defendants. | Case No. 1:18-cv-00847<br><br>Dlott, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).